**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE**

RONALD E. GOFF,                                    )
                                                   )
         Plaintiff,                      )
                                                   )
v.                                                 )      No.:    2:25-CV-84-KAC-CRW
                                                   )
HAWKINS COUNTY JUSTICE                             )
CENTER, HAWKINS COUNTY                             )
HEALTH DEPARTMENT, and                             )
RONNIE LAWSON,                                     )
                                                   )
         Defendants.                     )

## MEMORANDUM AND ORDER

Plaintiff Ronald E. Goff, a prisoner incarcerated at the Hawkins County Jail proceeding pro se, filed a (1) pro se Motion to proceed *in forma pauperis* [Doc. 1]; (2) Complaint under 42 U.S.C. § 1983 [Doc. 2]; (3) Motion to appoint counsel [Doc. 3]; and Certificate of Inmate Accounts [Doc. 8]. For the reasons below, the Court (1) **GRANTS** the Motion to proceed *in forma pauperis* [Doc. 1]; (2) **DENIES** the Motion to appoint counsel [Doc. 3]; and **ORDERS Plaintiff to file an amended complaint by April 6, 2026 if he wishes to proceed on one remaining claim**.

### I.     MOTION TO PROCEED *IN FORMA PAUPERIS* [Doc. 1]

Under the Prison Litigation Reform Act ("PLRA"), a prisoner who brings a civil action may apply for permission to file suit without prepaying the filing fee. See 28 U.S.C. § 1915(a). A review of Plaintiff's Motion [Doc. 1] and Certificate of Inmate Accounts [Doc. 8] shows that he lacks sufficient resources to pay the filing fee in a lump sum. Accordingly, under 28 U.S.C. § 1915, the Court **GRANTS** Plaintiff's Motion [Doc. 1] and **ASSESSES** Plaintiff the civil filing fee of three hundred fifty dollars ($350.00).

The Court **DIRECTS** the custodian of Plaintiff's inmate trust account to submit to the Clerk, U.S. District Court, 220 West Depot Street, Greeneville, Tennessee 37743, as an initial partial payment, whichever is the greater of: (a) twenty percent (20%) of the average monthly deposits to Plaintiff's inmate trust account; or (b) twenty percent (20%) of the average monthly balance in his inmate trust account for the six-month period preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1)(A) and (B). Thereafter, the custodian of Plaintiff's inmate trust account is directed to submit twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to Plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. *See* 28 U.S.C. § 1915(b)(2).

To ensure compliance with the PLRA and the above fee-collection procedure, the Court **DIRECTS** the Clerk to mail a copy of this Memorandum and Order to the custodian of inmate accounts at the institution where Plaintiff is now confined. The Court also **DIRECTS** the Clerk to provide a copy of this Memorandum and Order to the Court's financial deputy. This Memorandum and Order shall be placed in Plaintiff's prison file and follow him if he is transferred to another institution.

## II. MOTION TO APPOINT COUNSEL [Doc. 3]

Plaintiff asks the Court to appoint counsel for him in this civil action because he is indigent and has little formal education [Doc. 3]. Appointment of counsel in a civil proceeding is not a constitutional right, but a privilege justified only in exceptional circumstances. *See Lavado v. Keohane*, 992 F. 2d 601, 605-06 (6th Cir. 1993). A district court has discretion to determine whether to appoint counsel for an indigent plaintiff. *Reneer v. Sewell*, 975 F.2d 258, 261 (6th Cir.

1992).  The Court should consider the nature of the case, whether the issues are legally or factually complex, and the plaintiff's ability to present his claims.  *Lavado*, 992 F.2d at 605-06.

Considering these factors, Plaintiff has not established that this is an extraordinary civil case where it is appropriate to appoint counsel.  The Complaint involves claims related to the conditions of Plaintiff's confinement [*See, generally*, Doc. 2].  The case is neither legally nor factually complex, and the law in this area is well developed.  Further, Plaintiff's filings are cogent and coherent, making him capable of representing himself with the liberal construction that this Court applies to pro se filings.  Accordingly, the Court **DENIES** Plaintiff's motion to appoint counsel [Doc. 3].

## III.    SCREENING OF COMPLAINT

### A.    Screening Standard

Under the PLRA, the Court must screen the Complaint and *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune.  *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.  The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)" of the Federal Rules of Civil Procedure.  *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010).  Thus, to survive an initial review, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

A claim is "facial[ly] plausib[le]" if the Complaint "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *See Teamsters Local 237 Welfare Fund v. ServiceMaster Glob. Holdings, Inc.*,

3

83 F.4th 514, 524 (6th Cir. 2023) (quoting *Iqbal*, 556 U.S. at 678). Allegations that give rise to a mere possibility that a plaintiff might later establish undisclosed facts supporting recovery are not well-pled and do not state a plausible claim. *Twombly*, 550 U.S. at 555, 570. Further, formulaic and conclusory recitations of the elements of a claim that are not supported by specific facts are insufficient to state a plausible claim for relief. *Iqbal*, 556 U.S. at 681. However, the Supreme Court has instructed that courts should liberally construe pro se pleadings filed in civil rights cases and hold them to a less stringent standard than "formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

**B. Allegations in the Complaint**

The Hawkins County Health Department "set[s] the standard[]s for the menu" at the Hawkins County Jail [Doc. 2 at 4]. The standards require "2,600 calorie[]s per day for a[n] adult male to maintain proper health" [*Id.*]. But the food at the Hawkins County Jail is "inadequate[]," causing "mental anguish, being depressed, worr[i]ed, stress[ed] out, staying in a state of hunger from meal to meal[,] 'physical health' being borderline low sugar diabetic, bone deteri[o]rating, los[]ing weight, los[]ing muscle and muscle mass from rec[ei]ving unhealthy food[]s" [*Id.*]. The Hawkins County Jail does not feed inmates "adequate[] food[]s[,]" which, according to the Complaint, should include "meat prot[ei]n[]s, vitamin[]s, calcium and grease[] . . . egg[]s, milk, fresh fruit[]s, salads, fish, real poultry, french frie[]s, pizza, hot dog[]s, [] other meats, corn bread, [and] biscuits" [*Id.*].

Further, "[t]he food placement on [the] tray[]s is not being followed" [*Id.*]. The trays have different sized compartments to hold food, and the portion of the tray intended to hold the main course is used to hold a piece of bread on the breakfast trays [*Id.*]. The "secondary course placement is used for 1 small dinner roll" on the supper trays [*Id.*]. Plaintiff "feel[s] [he] ha[s] been negated and den[ied] the nutritional[] food[]s required to maintain proper health" [*Id.*]. To

4

demonstrate this, Plaintiff attaches to his Complaint a menu of the food and estimated portion sizes he was served daily for a four-week period in April and May 2025 [*Id.* at 4-5].

Plaintiff is allegedly served unhealthy foods "daily" at the Hawkins County Jail, such as dried beans, peanut butter, and "sugar coated food[]s" [*Id.* at 7]. The Tennessee Department of Correction ("TDOC") has a set menu that is nutritionally sound and "guidelines for the food placement order on the tray[]s" that TDOC facilities are required to follow [*Id.*]. But Hawkins County Jail allegedly does not follow these guidelines [*Id.*].

Plaintiff filed the instant suit against the Hawkins County Justice Center, the Hawkins County Health Department, and Hawkins County Sheriff Ronnie Lawson [*See id.* at 1, 3]. As relief, he seeks an injunction and money [*Id*. at 6].

## C. Analysis

To state a claim under 42 U.S.C. § 1983, the Complaint must state facts establishing that a "person" acting "under color of" state law deprived Plaintiff of "any rights, privileges, or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983.

### 1. Defendant Hawkins County Justice Center

As an initial matter, Plaintiff cannot maintain suit against the Hawkins County Justice Center because it is a physical building. A building is not a "person" within the meaning of Section 1983. *See Cage v. Kent County Corr. Facility*, No. 96-1167, 1997 WL 225647, at *1 (6th Cir. May 1, 1997) (stating that "[t]he district court also properly found that the jail facility named as a defendant was not an entity subject to suit under § 1983"); *see also Anciani v. Davidson Cnty. Sheriff Office*, No. 3:19-CV-169, 2019 WL 1002503, at *2 (M.D. Tenn. Feb. 28, 2019) ("It is well established that in Tennessee federal courts, a sheriff's office or police department is not a 'person' subject to suit under 42 U.S.C. §1983." (citing *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994))). Therefore, the Court **DISMISSES** Defendant Hawkins County Justice Center.

### 2. Defendant Hawkins County Health Department

Plaintiff also seeks to impose liability on the Hawkins County Health Department, claiming that it is responsible for setting the menu standards at the Hawkins County Jail [Doc. 2 at 4]. But the Hawkins County Health Department operates as a division of the Tennessee Department of Health. *See* Tenn. Dep't of Health, *Local and Regional Health Departments*, https://www.tn.gov/health/health-program-areas/localdepartments.html. And Plaintiff cannot maintain a claim against a state or its department, including the Hawkins County Health Department, because "a state is not a person within the meaning of § 1983." *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64 (1989).

In addition, the Eleventh Amendment typically "bars all suits, whether for injunctive, declaratory or monetary relief, against the state and its departments." *See Thiokol Corp. v. Mich. Dep't of Treasury*, 987 F.2d 376, 381 (6th Cir. 1993) (citing *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100-01 (1984)). Because sovereign immunity has not been abrogated or waived, the claims against the Hawkins County Health Department are also barred by Eleventh Amendment immunity. *See, e.g., Quern v. Jordan*, 440 U.S. 332, 345 (1979) (finding Section 1983 does not waive state sovereign immunity); *Berndt v. State of Tennessee,* 796 F.2d 879, 881 (6th Cir. 1986) (noting that Tennessee has not waived immunity to suits under Section 1983); *WCI, Inc. v. Ohio Dep't of Pub. Safety*, 18 F.4th 509, 513–14 (6th Cir. 2021) (holding state officials sued in official capacity immune from suit under doctrine of sovereign immunity absent consent). Accordingly, the Court **DISMISSES** the claims against Defendant Hawkins County Health Department.

### 3. Defendant Sheriff Ronnie Lawson

It is unclear in what capacity Plaintiff sues Defendant Sheriff Ronnie Lawson. In his individual capacity, Defendant Sheriff Lawson is only liable if the allegations allow the Court to

plausibly infer that he violated the Constitution through his own conduct. *See Iqbal*, 556 U.S. at 676; *see also Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (providing that "a complaint must allege that the defendants were personally involved in the alleged deprivation of federal rights"). Thus, he is not liable simply because he is Sheriff. *See Iqbal*, 556 U.S. at 676 ("[O]ur precedents establish . . . that Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior."). The Complaint does not contain facts outlining any unconstitutional actions taken by Sheriff Lawson, much less any well-pled facts permitting a plausible inference that his conduct violated Plaintiff's constitutional rights. So, the Court **DISMISSES** Plaintiff's claims against Sheriff Lawson in his individual capacity.

In Sheriff Lawson's official capacity, any claims are actually claims against the Sheriff's employer—Hawkins County. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (holding "an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity"). Out of an abundance of caution, the Court analyzes any intended claims against Hawkins County below.

### 4. Hawkins County

Liberally construing Plaintiff's Complaint, the Court considers whether the Complaint states a claim against Hawkins County. Hawkins County is an entity subject to suit under Section 1983. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). But to state a claim against Hawkins County, the Complaint must plausibly allege that a custom or policy of the County itself caused a violation of Plaintiff's constitutional rights. *Id.* at 708 (1978) (Powell, J., concurring) (explaining a municipality can only be held liable for a constitutional violation when the violation resulted from "implementation of [the municipality's] official policies or established customs").

Whether a policy or custom of Hawkins County subjected Plaintiff to conditions causing a constitutional violation is a "highly fact-specific" inquiry. *Lamb v. Howe*, 677 F. App'x 204, 209 (6th Cir. 2017). Allegations that the Hawkins County Jail failed to follow TDOC guidelines alone are not sufficient to state a constitutional violation. *See Gambrel v. Knox Cnty.*, 25 F.4th 391, 408 (6th Cir. 2022). Instead, here, the key inquiry is whether Hawkins County provides inmates with sufficient nutrition to maintain good health. *See, e.g., Cunningham v. Jones*, 567 F.2d 653, 659–60 (6th Cir. 1977) (providing that where a prisoner's diet is sufficient to sustain the prisoner's good health, no constitutional right has been violated).

On its own, the Complaint does not directly link any inadequate nutrition to a condition or defect that Plaintiff is allegedly suffering as a result. Instead, the Complaint notes conditions that Plaintiff believes result from "rec[ei]ving unhealthy food[]s" without making the connection to his own circumstances [Doc. 2 at 4]. And the Complaint does not identify any facts, such as Plaintiff's weight or appearance, that would allow the Court to plausibly infer that the food at the Hawkins County Jail has rendered Plaintiff malnourished. Moreover, the statement that Plaintiff "feel[s]" as though the food served is inadequate is insufficient to impose liability; he must present facts that would allow the Court to make the reasonable inference that the food is inadequate. *See Teamsters Local 237 Welfare Fund*, 83 F.4th at 524.

However, the Court will give Plaintiff an opportunity to attempt to amend his complaint to state a viable claim regarding the food he is served. *See LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) ("Under Rule 15(a) a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA."). **If Plaintiff wishes to proceed on such a claim, he MUST file an amended complaint by April 6, 2026.** Any amended complaint **MUST** contains a short and plain statement of facts setting forth (1) exactly how the

8

food served at the Hawkins County Jail has impacted Plaintiff's own physical and/or mental health and (2) the persons or entities responsible for the amount and types of food served to Plaintiff at the Hawkins County Jail. In any amended complaint, Plaintiff **must** identify whether he is a convicted prisoner or a detainee awaiting trial. Further, Plaintiff **must** avoid conclusory legal statements or arguments in any amended complaint.

The Court will only address the merits of any claim in Plaintiff's amended complaint that relate to his original complaint. Plaintiff **MUST NOT** attempt to set forth any further additional claims. The Court will **DISMISS** any such claims. Further, any amended complaint will be the sole operative complaint that the Court considers. So, any amended complaint **must** be complete in and of itself and **must not** refer to any previously filed allegations or pleadings.

If Plaintiff does not file an amended complaint **by April 6, 2026**, the Court will **DISMISS** the initial complaint for failure to state a claim upon which relief may be granted. The Court **WILL NOT** consider any other kind of motion for relief until the Court has screened any amended complaint. And the Court will automatically deny any motion filed before the Court has completed this screening.

## III.    CONCLUSION

For the reasons set forth above:

1.    The Court **GRANTED** Plaintiff's Motion to proceed *in forma pauperis* [Doc. 1];

2.    The Court **DENIED** Plaintiff's Motion to appoint counsel [Doc. 3];

3.    The Clerk **MUST** forward Plaintiff a Section 1983 form;

3.    If Plaintiff wishes to proceed with any claim based on the food served to him, he **MUST** complete the Section 1983 form and file an amended complaint by **April 6, 2026**; and

5.    Plaintiff **MUST** immediately inform the Court and Defendants or their counsel of record of any address changes in writing. Pursuant to Local Rule 83.13, it is the

duty of a pro se party to promptly notify the Clerk and the other parties to the proceedings of any change in his address, to monitor the progress of the case, and to prosecute or defend the action diligently. E.D. Tenn. L.R. 83.13. Failure to provide a correct address to this Court within fourteen (14) days of any change in address may result in the dismissal of this action.

**SO ORDERED.**

**ENTER:**

s/ Katherine A. Crytzer
KATHERINE A. CRYTZER
United States District Judge

10